W. H. Blanton, of San Antonio, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

### MORROW, P. J.

Murder is the offense; penalty assessed at confinement in the penitentiary for four years.

Leopoldo Castro was shot and killed by the appellant. Three shots took effect. Appellant did not testify, but through his witnesses presented the issue of self-defense, which was submitted to the jury. A further recital of the evidence is deemed unnecessary. Suffice it to say that the killing of the deceased by the appellant was not open to controversy, and the question of justification was one for the jury.

There are some bills of exception complaining of the ruling of the court in the reception of evidence, some of the evidence excluded, and one to the argument of the state's attorney. These bills have all been examined, but we have perceived nothing in them which would justify a reversal of the judgment. We are not discussing them in detail, for the reason that they were filed in the trial court more than ninety days after notice of appeal. Article 760, C. C. P. 1925, requires that they be filed within ninety days after notice of appeal in order to warrant consideration.

The judgment is affirmed.

### John D. ROWE v. STATE.
### No. 15160.

Court of Criminal Appeals of Texas.
March 2, 1932.

A. C. Chrisman and Gean Turner, both of Cleburne, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

### HAWKINS, J.

It was charged by indictment that appellant while intoxicated drove an automobile upon the public highway. He was convicted, and his punishment assessed at one year in the penitentiary.

The record is here without statement of facts or bills of exception. Nothing is presented for review save a question arising from the wording of the sentence. The statute (article 802, P. C.) permits the punishment for the offense of which appellant was convicted to be assessed at not more than two years in the penitentiary. It fixes no minimum penalty. The sentence directs that appellant be confined in the penitentiary for one year. In order to give effect to the Indeterminate Sentence Law (article 775, C. C. P), it should direct that his imprisonment be for not exceeding one year.

The sentence will be corrected so to read, and, as reformed, the judgment is affirmed.

MORROW, P. J., absent.

### J. D. STREETMAN v. STATE.
### No. 15183.

Court of Criminal Appeals of Texas.
Feb. 10, 1932.

Martin, Shipman & Winters, of Abilene, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

### MORROW, P. J.

Burglary is the offense; penalty assessed at confinement in the penitentiary for four years.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.

### J. D. STREETMAN v. STATE.
### No. 15182.

Court of Criminal Appeals of Texas.
Feb. 10, 1932.

Martin, Shipman & Winters, of Abilene, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

### HAWKINS, J.

Conviction is for hog theft; punishment being two years in the penitentiary.

By affidavit on file with this court, appel-